# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JORDAN H.,[1]                                )
                                             )
            **Plaintiff,**                   )
                                             )        **CIVIL ACTION**
v.                                           )
                                             )        **No. 25-2119-JWL**
FRANK BISIGNANO,                             )
**Commissioner of Social Security,**         )
                                             )
            **Defendant.**                   )
_____)


# MEMORANDUM AND ORDER


Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3)(A) (hereinafter the Act).  Finding error in the Administrative Law Judge's (ALJ) finding the vocational expert's (VE) testimony consistent with the Dictionary of Occupational Titles (DOT) and accepting it pursuant to Social Security Ruling (SSR) 00-4p, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the Commissioner's final decision for further proceedings consistent with this decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of disability claimants, it has determined to caption Social Security decisions using only the initial of the Plaintiff's last name.

## I.      Background

Plaintiff protectively filed an application for SSDI benefits on October 12, 2021, and an application for SSI benefits on April 11, 2022.  (R. 123, 416-20, 455-59).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Among numerous other allegations of error, Plaintiff claims "[t]he ALJ and Appeals Council did not consider [Plaintiff's] 4/9/24 brief and rebuttal evidence and failed to associate the documents with the administrative record" and erroneously found the document preparer occupation—which requires General Education Development (GED) reasoning level three—could be performed with Plaintiff's residual functional capacity (RFC) limitation to unskilled job duties which are simple, repetitive, and routine.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see

also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether

3

claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). The court finds that it may not consider the evidence which the ALJ and the Appeals Council allegedly failed to make a part of the administrative record. Moreover, remand is required because the ALJ applied the incorrect legal standard, and the court may not provide an advisory opinion on the remaining alleged errors.

II.     Consideration of Evidence Not in the Administrative Record

Plaintiff points out that at the second hearing before the ALJ he requested to complete his opposition to the VE's testimony by sending a brief within the next 24 hours instead of continuing to question the VE, and that the ALJ agreed. (R. 156). He argues he completed his brief in opposition and submitted it to the ALJ but "[t]he ALJ and Appeals Council did not consider [Plaintiff's] 4/9/24 brief and rebuttal evidence and failed to associate the documents with the administrative record." (Pl. Br. 15). He attached two documents to his Social Security Brief, asserting Attachment 1 is a copy of his responsive brief dated April 9, 2024, along with his evidence in opposition; id., and Attach. 1; and asserting Attachment 2 is a copy of his electronic submission receipt. Id. and Attach. 2. Plaintiff argues the ALJ must accept, consider, and enter into the administrative record any evidence presented which is material to the issues in the case. Id. 15-17 (citing Heckler v. Campbell, 461 U.S. 458, 469 (1983); Patrick S. v. Saul, 2019 WL 3814283 (D. Me. Aug. 14, 2019); 5 U.S.C. § 556(d); 20 C.F.R §§ 404.935(a) 404.1566(d); 416.1435(a); 416.1444; SSR 96-9p; HALLEX 01260.001; 01260.058).

The Commissioner acknowledges Plaintiff's argument and responds, "But while Plaintiff attache[d] the post-supplemental hearing brief to his district court brief, notably absent is any proof that this document was actually submitted to the ALJ or the Appeals Council at any time 'via e-filing,' as asserted at the top of the document." (Comm'r Br. 10) (citing Pl. Br., Attach.1 at 1). In a footnote to his Brief, the Commissioner argues he searched for but could not find the evidence Plaintiff allegedly sent in "the agency's internal case documents folder where any documents submitted via e-filing would be housed; the case documents do not include the documents submitted to the [c]ourt as

5

[attachments to Plaintiff's brief], nor do they include any other such document dated on or around April 9, 2024." (Comm'r Br. 10-11, n.2).   He points out the ALJ's decision was issued six weeks later on May 23, 2024, and Plaintiff did not include the letter and evidence in his submissions to the Appeals Council.  Id. 11.

Plaintiff argues that Attachment 2 to his Social Security Brief "is a receipt of the electronic submission" which proves that he submitted the post-hearing supplemental brief and the evidence at issue to the ALJ.  (Pl. Reply 5).  Plaintiff cites the information contained in the alleged receipt and notes that several documents in Attachment 1 are date stamped April 9, 2024.  Id. 6.  He argues the Commissioner has no legal basis to "invoke theories of waiver o[r] forfeiture," and "[s]entences three and four of 42 U.S.C. § 405(g) guarantee that disability claimants are entitled to substantial evidence reviews by federal courts based upon 'the pleadings and transcript of the record.'"  Id. (quoting 42 U.S.C. § 405(g), sentence 4).

As Plaintiff's Reply Brief suggests, 42 U.S.C. § 405(g) controls judicial review of decisions of the Commissioner of Social Security.  Sentences 3 and 4 of that paragraph provide:

> As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §405(g), sentences 3 and 4.

6

As Plaintiff acknowledges, judicial review is only provided based upon the pleadings and transcript of the record before the Commissioner.  However, the letter and other evidence in Attachment 1 to Plaintiff's brief is not in the transcript of the record. Plaintiff argues that it should have been entered into the transcript of the record because he got permission from the ALJ to provide it, he prepared it, he transmitted it to the agency via efiling, and he has a receipt of the electronic submission.  If Plaintiff has shown that he submitted it in the case before the ALJ, he is correct that the ALJ erred in failing to make it a part of the transcript of record and in failing to consider that evidence in making the decision below.

However, the court agrees with the Commissioner that Plaintiff has not demonstrated that he submitted the evidence in this case.  First, the document Plaintiff refers to as a receipt of the electronic submission does not call itself a receipt.  While the document appears to be a Social Security form, at the top pf the form it is labeled "Step 2 of 2, ERE:  Send Individual Response, Social Security."  Plaintiff neither submits documentation of Step 1 of 2 in this process nor discusses what that step involves.  In a box of information near the top of the document, the document states verbatim except for the tracking number:

Thank you for your submission.

Individual Response Submission – Tracking information.

Tracking Number:   [a 17-digit alphanumeric number]

Submitted on:  **04/09/2024 at 05:23 PM EDT**

7

> Please retain your tracking number in case there are errors or problems that prevent us from processing your submission.

(Pl. Br., Attach. 1). The only thing this document demonstrates is that a file dated April 9, 2024, and in Plaintiff's name and with a redacted SSN (whether Plaintiff's or not, the court cannot tell) was apparently uploaded to an "ERE" system with the destination site code X59 to the Kansas City, Missouri, Office of Hearing Operations in the disability case of a Kansas resident. Whether that is the correct destination the court does not know and whether Plaintiff followed up to check the tracking number to ensure delivery the court does not know.

Moreover, Plaintiff did not submit the letter and documents identified in Attachment 2 to the Appeals Council when requesting review of the ALJ's decision. Plaintiff's argument that 42 U.S.C. § 405(g) entitles Plaintiff to judicial review based on the pleadings and transcript of the record misses the point that those documents are not in the transcript of the record—that is why Plaintiff presented them to the court arguing they should have been included in the transcript of the record. Thus, when Plaintiff sought review of the ALJ's decision, the letter and evidence were not a part of the transcript of the record and he should have investigated that issue by presenting the tracking number to the agency for clarification or by making his argument to the Appeals Council. This is not a question of forfeiture, merely one more piece of evidence Plaintiff has not demonstrated that he provided the letter and the evidence in Plaintiff's Brief, Attachment 1, to the Commissioner. Finally, in his Brief, the Commissioner notes he made a search of "the agency's internal case documents folder where any documents submitted via e-

filing would be housed" and the documents were not there.  (Comm'r Br. 10-11, n.2).

Plaintiff has not demonstrated that he provided the documents to the Commissioner, they

do not appear in the administrative record, and they may not be considered in judicial

review of the Commissioner's decision.

**III.    Conflicts Between the VE Testimony and the DOT**

Plaintiff points out the RFC assessed by the ALJ requires that Plaintiff's job duties

"be simple, repetitive, routine," and "consistently the same with little or no change."  (Pl.

Br. 17) (quoting R. 128).  He notes the ALJ found him "able to understand and follow

detailed but uninvolved instructions."  Id.  He argues these mental limitations are

consistent with performing unskilled work up to a reasoning level of two but that the ALJ

found Plaintiff capable of performing the representative occupation of a Document

Preparer, DOT No. 249.587-018, which requires reasoning level three ("Apply

commonsense understanding to carry out instructions furnished in written, oral, or

diagrammatic form.  Deal with problems involving several concrete variables in or from

standardized situations."  DOT, App. C. (available online at:  Appendix C: Components

of the Definition Trailer - DOT Dictionary of Occupational Titles, last visited March 24,

2026).  Id.   He argues level three reasoning is beyond the RFC assessed for simple work

and remand is necessary to resolve the inconsistency between the DOT and the VE's

testimony that the Document Preparer occupation is within the RFC for simple,

repetitive, routine work.  (Pl. Br. 17-18).

The Commissioner responds that the ALJ found the inconsistency was resolved

because the VE explained the Document Preparer occupation was within the RFC

assessed based upon the VE's education, training, and expertise as a vocational rehabilitation counselor. (Comm'r Br. 8). He argues the VE "explained why she testified that document preparer [occupation] could be performed with all of the limitations included in the ALJ's hypothetical, despite its temperament and GED reasoning ratings." He concludes, "Based on the foregoing, the VE's testimony sufficiently supports the ALJ's step five findings." Id., at 9. (citing Biestek v. Berryhill, 587 U.S. 97, 105-08 (2019) (recognizing a VE's testimony is substantial evidence to support an ALJ's conclusion). He argues this court should find the VE's testimony is substantial evidence supporting the ALJ's decision. Id. 10. He argues that here "Plaintiff seeks to unsettle the ALJ's supported step five finding based on various nitpicky, highly technical critiques." Id.

In his Reply Brief Plaintiff points out the ALJ refused to accept argument regarding reasoning level. (Reply 8). He argues, "The modern facsimile of Document Preparer cannot be characterized as 'simple, repetitive, and routine.'" Id. at 8-9.

### A.    Standard for Evaluating Inconsistencies Between VE Testimony and the DOT

In November 1999, the Tenth Circuit Court of Appeals decided that before an ALJ may rely on VE testimony, "the ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and expert testimony." Haddock, 196 F.3d at 1091. The court explained that the DOT does not "trump" VE testimony, but the ALJ has a duty to investigate and get a reasonable explanation before he may rely on the testimony. Id.

10

On June 20, 2000, the Commissioner published Acquiescence Ruling 00-3(10) in which she explained that she would apply the holding of Haddock within the Tenth Circuit although that holding conflicted with her interpretation of the Act.  Acquiescence Ruling 00-3, West's Soc. Sec. Reporting Serv., Rulings, 402 (Supp. 2003).  Thereafter, the Commissioner published SSR 00-4p, effective December 4, 2000.  SSR 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000).  In SSR 00-4p, the Commissioner rescinded Acquiescence Ruling 00-3(10), and established a policy interpretation for the use of VE testimony and "Other Reliable Occupational Information in Disability Decisions."  Id. at *1.  In the ruling, the Commissioner placed two duties on the ALJ.  First, the ALJ must "identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs ... and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO)."  Id. (emphasis added).

Second, the ALJ was given the duty to "[e]xplain in the determination or decision how any conflict that has been identified was resolved."  Id.  Ruling 00-4p places the affirmative responsibility on the ALJ to "[a]sk the VE ... if the evidence he or she has provided conflicts with information provided in the DOT," and where VE "evidence appears to conflict with the DOT, ... [to] obtain a reasonable explanation for the apparent conflict."  Id. at *4.

### B.    The ALJ's Findings

The ALJ found that Plaintiff is capable of performing occupations available in the national economy represented by, among others, the occupation of a "Document Preparer

(DOT No. 249.587-018, sedentary in exertion with an SVP of 2, unskilled –

approximately 14,000 such jobs nationally).”  (R. 134).  She explained her consistency

finding regarding the VE's, Ms. Larue's, testimony.

> Although the vocational expert's testimony is not inconsistent with the information contained in The Dictionary of Occupational Titles, Ms. Larue testified at the supplemental hearing that she relied on her education and 18 years of experience as vocational rehabilitation counselor in testifying about the Document Preparer and Addresser occupations, as there are differences between how these jobs were performed by individuals when The Dictinary [sic] of Occupational Titles was written versus how they are performed today.  For example, individuals today use more modern technology when preparing documents, such as computers and scanners. For addresser, the individuals doing this job no longer addresses envelopes and letters by hand or typewriter and instead rely on hand printed labels. Despite these differences, Ms. Larue testified that the core functional requirements of these jobs have not changed, despite the updated and modernized processes.  The undersigned believes that the updated testimony from Ms. Larue at the supplemental hearing addressed the issues raised in Mr. Sciolaro's 46-page brief on these matters (see Exhibit C22E). The vocational expert's testimony has been accepted in accordance with Social Security Ruling 00-4p.  Additionally, the vocational expert stated that testimony had been supplemented by her education, training, and experience regarding other limitations, such as the use of an assistive device, not specifically addressed in The Dictionary of Occupational Titles or its companion publication, The Selected Characteristics of Occupations.

(R. 134-35).

### C.    Analysis

Although the ALJ found that the VE's testimony was not inconsistent with the

DOT, and that she had addressed the issues raised in Plaintiff's counsel's brief and the

ALJ accepted the VE's testimony “in accordance with Social Security Ruling 00-4p;” the

court finds error and remands for further proceedings.  As Plaintiff notes in his brief here,

when his counsel began to question the VE at the first hearing regarding the difference

12

between SVP (specific vocational preparation) and GED (general educational development) reasoning levels, the ALJ stated, "Is there a vocational limitation in here someplace, Mr. Sciolaro?  If there is, get to it, please. ... I don't want to hear about reasoning.  We're not going there.  She said it's an SVP 2, which is consistent with simple, repetitive, and routine [work]."  (R. 187).  Then in his 46-page brief to the ALJ, before the second hearing, counsel pointed out that the Document Preparer occupation required level three reasoning ability.  (R. 628).

At the second hearing counsel brought out the fact the Vocational Expert Handbook noted that some courts have found an apparent conflict between GED reasoning level three and a limitation to simple instructions and instructs that when a hypothetical includes a limitation to simple instructions the VE should "provide unskilled jobs with a GED reasoning level of 1 or 2, if possible."  Vocational Expert Handbook, p.40 (SSA June 2024) available online at, VE Handbook, p.44 (last visited, March 24, 2026).  The VE responded she was aware of the Handbook's statement but finds no conflict because GED reasoning level three is an average of seventh to eighth grade level which is an unskilled job base.  (R. 155-56).

The court acknowledges that the ALJ found "that the updated testimony from Ms. Larue at the supplemental hearing addressed the issues raised in Mr. Sciolaro's 46-page brief on these matters (see Exhibit C22E).  The vocational expert's testimony has been accepted in accordance with Social Security Ruling 00-4p."  (R. 135).  However, she also found earlier in the same paragraph that "the vocational expert's testimony is not inconsistent with the information contained in The Dictionary of Occupational Titles."

Id. at 134. Moreover, in the earlier hearing she stated, "I don't want to hear about reasoning. We're not going there." (R. 187).

The problem here is that twenty years ago the Tenth Circuit held that an RFC limitation to "the attention, concentration, persistence and pace levels required for simple and routine work tasks" "seems inconsistent with the demands of level-three reasoning." Hackett v. Barnhart, 395 F.3d 1168, 1176 (2005) (citing Lucy v. Chater, 113 F.3d 905, 909 (8th Cir. 1997)). Here, where the ALJ denies there is a conflict, refuses to admit inquiry into the GED reasoning level requirements, discusses in her decision the VE testimony regarding differences between the way the occupations are performed today and the way they were performed when the DOT was published, and says nothing in her decision respecting the testimony concerning GED reasoning level, the court would be remiss to find that the ALJ determined the VE provided a reasonable explanation for the apparent conflict between the DOT reasoning level three and the RFC limitations to simple, repetitive, and routine job duties.

This court is of the opinion Hackett was wrongly decided and it has said or implied so in its opinions over time. See e.g. Amanda L. B. v. Bisignano, 808 F.Supp.3d 1260, 1266 (D. Kan. 2025); George Paul B. v. Kijakazi, Civ. A. No. 21-2075-JWL, 2022 WL 1684670 at *6-7 (D. Kan. May 26, 2022); Stephanie Beth D. v. Kijakazi, Civ. A. No. 20-2622-JWL, 2022 WL 1136192 at *9 (D. Kan. April 18, 2022) (noting this court disagrees with the reasoning of Hackett but applies it as binding precedent); Carolyn J. S. v. Saul, Civ. A. No. 18-4049-JWL, 2019 WL 2523575 at *4 (D. Kan. June 19, 2019). Nonetheless, the Hackett opinion is precedent binding on this court and must be applied

14

by this court—at least until the ALJ presents a reasonable explanation such that it explains that the <u>seeming</u> inconsistency found by the <u>Hackett</u> court is not an <u>actual</u> inconsistency.  While the court tends to agree with the explanation given by the VE in this case to the effect that reasoning level three is encompassed within the RFC assessed by the ALJ here, the court may not insinuate that the ALJ adopted the VE's explanation because she did not specifically do so and in refusing to admit testimony regarding reasoning level and in stating there was no conflict between the DOT and the VE's testimony she gave very strong indication she did not adopt that portion of the VE's testimony.  The court's duty is to review the Commissioner's decision, not to interpose its opinion into the Commissioner's decision.  Because of these considerations the court wants to make clear that it did not specifically consider the VE's explanation and find it sufficient to meet the question presented in <u>Hackett</u>.  That consideration must wait for a later case wherein the ALJ has accepted and/or applied such an explanation.  Till then this court applies the binding precedent of <u>Hackett</u> and remands this case.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the Commissioner's final decision for further proceedings consistent with this decision.

Dated March 25, 2026, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
**John W. Lungstrum**
**United States District Judge**

15